Isaiah Glaze
FULL NAME

COMMITTED NAME (if different)

Isaiah Glaze; BN8709; CRC-Dorm 308/20\_
FULL ADDRESS INCLUDING NAME OF INSTITUTION

P.O. Box 3535; Norco, CA 92860-0999

BN8709
PRISON NUMBER (if applicable)

FILED
CLERK, U.S. DISTRICT COURT
AUG 26 2024
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Isaiah Glaze

PLAINTIFF,

v.

Glenn E. Pratt;
Jeff Macomber

DEFENDANT(S).

CASE NUMBER

EDCV24 - 1835 - DSF (DFM)

*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*

☑ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A.  PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☑ Yes   ☐ No

2. If your answer to "1." is yes, how many?  One

   Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Parties to this previous lawsuit:
Plaintiff _Isaiah Glaze_

Defendants _Contra Costa County_

b. Court _Northern District of California_

c. Docket or case number _21-CV-01488-JST_

d. Name of judge to whom case was assigned _Jon S. Tigar_

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _Dismissed without Prejudice_

f. Issues raised: _Inadequate Medical Care_

g. Approximate date of filing lawsuit: _February 2022_

h. Approximate date of disposition _May 2022_

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☑ Yes    ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☑ Yes    ☐ No

   If your answer is no, explain why not _____

3. Is the grievance procedure completed? ☑ Yes    ☐ No

   If your answer is no, explain why not _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _Isaiah Glaze_
(print plaintiff's name)
who presently resides at _California Rehabilitation Center_ ,
(mailing address or place of confinement)
were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
_California Rehabilitation Center (Norco, California)_
(institution/city where violation occurred)

a. Parties to this previous lawsuit:
Plaintiff _Isaiah Glaze._

Defendants _Contra Costa County_

b. Court _Northern District of California_

c. Docket or case number _21-CV-01488- JST_

d. Name of judge to whom case was assigned _Jon S. Tigar_

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _Dismissed without Prejudice_

f. Issues raised: _Inadequate Medical Care_

g. Approximate date of filing lawsuit: _February 2022_

h. Approximate date of disposition _May 2022_

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☑ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☑ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed? ☑ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _Isaiah Glaze_
(print plaintiff's name)
who presently resides at _California Rehabilitation Center_,
(mailing address or place of confinement)
were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
_California Rehabilitation Center (Norco, California)_
(institution/city where violation occurred)

on (date or dates) _____, _____, _____.
                (Claim I)           (Claim II)          (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant ___Glenn E. Pratt___ resides or works at
   (full name of first defendant)

   ___5th Street & Western, Norco, CA 92860___
   (full address of first defendant)

   ___Warden of California Rehabilitation Center___
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual   ☑ official capacity.

   Explain how this defendant was acting under color of law:
   ___He is legally responsible for the operation of California Rehabilitation___
   ___Center and for the welfare of all the inmates of that prison.___

2. Defendant ___Jeff Macomber___ resides or works at
   (full name of first defendant)

   ___1515 S Street, Sacramento, CA 95811___
   (full address of first defendant)

   ___Secretary of CDCR___
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual   ☑ official capacity.

   Explain how this defendant was acting under color of law:
   ___He is legally responsible for the operation of CDCR and for the___
   ___welfare of all state prisoners.___

3. Defendant _____ resides or works at
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:
   _____
   _____

on (date or dates) _____ . _____ , _____ .
                 (Claim I)          (Claim II)         (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant _Glenn E. Pratt_ _____ resides or works at
      (full name of first defendant)

    _5th Street & Western, Norco, CA 92860_
    (full address of first defendant)

    _Warden of California Rehabilitation Center_
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual  ☑ official capacity.

Explain how this defendant was acting under color of law:

_He is legally responsible for the operation of California Rehabilitation Center and for the welfare of all the inmates of that prison._

2. Defendant _Jeff Macomber_ _____ resides or works at
      (full name of first defendant)

    _1515 S Street, Sacramento, CA 95811_
    (full address of first defendant)

    _Secretary of CDCR_
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual  ☑ official capacity.

Explain how this defendant was acting under color of law:

_He is legally responsible for the operation of CDCR and for the welfare of all state prisoners._

3. Defendant _____ resides or works at
      (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

4.  Defendant _____ resides or works at
    _____
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

5.  Defendant _____ resides or works at
    _____
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**D. CLAIMS\***

**CLAIM I**

The following civil right has been violated:

Title II of the Americans with Disabilities Act (ADA)
(42 U.S.C. §12131-12134)

The Americans with Disabilities Act (ADA) Prohibits a public
entity from discriminating against a "qualified individual with a disability"
on account of the disability applies to state Prisons.
(See Pennsylvania Dept. of Corrections v. Yeskey (1998) 524 U.S. 206)

CDCR rules state that no qualified Person in Prison or on Parole with a
disability as defined in the ADA, shall, because of that disability be
excluded from Participation in or be denied the benefits of the
Services, Programs or activities of the department or be subjected
to discrimination (15 CCR § 2251.5) (See Armstrong v. Newsom)
(See Also Armstrong Remedial Plan P. 31 §IV. I. 18)

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without
citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each
DEFENDANT (by name) did to violate your right.

Plaintiff Glaze was evaluated by his Primary Care Provider (PCP) on March
20, 2024 concerning Putting him on vigorous activity so that he can
Participate in the new Pilot Youth Offender Firecamp Program that he is
eligible for (See Attachment). Plaintiff's PCP informed him that he
meets all the requirements to be able to Participate in the Program, but
since he can't see out of one eye, his PCP couldn't clear him to go.
The Plaintiff then filed a Reasonable Accommodations Request
(CDCR 1824) (Log # 537019) on March 21, 2024 to see if any
accommodations can be made for him so that he can still Participate
in the Program in any Kind of way, but was denied on March 29, 2024
(See Attachment). CDCR Office of Appeals took up the case on
April 11, 2024, in which they ultimately denied on June 5, 2024
(See Attachment).
(Claim I is continued on an attached Piece of Paper)

*\*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same
outline.*

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

Title 11 of the Americans with Disabilities Act (ADA) (42 U.S.C. § 12131-12134)

The Americans with Disabilities Act (ADA) Prohibits a Public entity from discriminating against a "qualified individual with a disability" on account of the disability applies to State Prisons. (See Pennsylvania Dept. of Corrections v. Yeskey (1998) 524 U.S. 206)

CDCR rules State that no qualified Person in Prison or on Parole with a disability, as defined in the ADA, Shall, because of that disability be excluded from Participation in or be denied the benefits of the Services, Programs or activities of the department or be subjected to discrimination (15 CCR § 2251.5) (See Armstrong v. Newsom) (See Also Armstrong Remedial Plan P. 31 § IV. I. 18)

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

Plaintiff Glaze was evaluated by his Primary Care Provider (PCP) on March 20, 2024 Concerning Putting him on vigorous activity so that he can Participate in the new Pilot Youth Offender Firecamp Program that he is eligible for (See Attachment). Plaintiff's PCP informed him that he meets all the requirements to be able to Participate in the Program, but Since he can't see out of one eye, his PCP couldn't clear him to go. The Plaintiff then filed a Reasonable Accommodations Request (CDCR 1824) (Log # 537019) on March 21, 2024 to see if any accommodations can be made for him so that he can Still Participate in the Program in any kind of way, but was denied on March 29, 2024 (See Attachment). CDCR Office of Appeals took up the case on April 11, 2024, in which they ultimately denied on June 5, 2024 (See Attachment).

(Claim I is Continued on an attached Piece of Paper)

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

WHEREFORE, Plaintiff Glaze respectfully Prays that this Court enter Judgment:

Granting Plaintiff Glaze a declaration that the acts and omissions described herein violate his rights under the ADA and laws of the United States, and

Granting Plaintiff Glaze compensatory damages in the amount of $50,000 against each defendant, Jointly and Severally.

Plaintiff Glaze also seeks Punitive damages in the amount of $50,000 against each defendant, Jointly and Severally.

Plaintiff Glaze also seeks a Jury trial on all issues triable by Jury,

Plaintiff Glaze also seeks recovery of their costs in this suit, and

Any additional relief that this Court deems Just, Proper, and equitable.

08/14/2024
*(Date)*

*Isaiah Glaze*
*(Signature of Plaintiff)*

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

WHEREFORE, Plaintiff Glaze respectfully Prays that this Court enter Judgment:

Granting Plaintiff Glaze a declaration that the acts and omissions described herein violate his rights under the ADA and laws of the United States, and

Granting Plaintiff Glaze compensatory damages in the amount of $50,000 against each defendant, Jointly and Severally.

Plaintiff Glaze also seeks Punitive damages in the amount of $50,000 against each defendant, Jointly and Severally.

Plaintiff Glaze also seeks a Jury trial on all issues triable by Jury,

Plaintiff Glaze also seeks recovery of their costs in this suit, and

Any additional relief that this Court deems Just, Proper, and equitable.

08/14/2024
_(Date)_

Isaiah Glaze
_(Signature of Plaintiff)_

## Claim I Cont.

1  Plaintiff Glaze had a meeting to go see his assigned
2  Counselor (A. Sanchez) on June 17, 2024 @ 10:00am, where he
3  asked him directly, "So the only reason you guys won't let me
4  join the firecamp Program in any way is because of my eye
5  Correct?," in which A. Sanchez replied "Yes". Plaintiff also
6  went to the Counselor assigned to firecamp (J. Morris) on July
7  11, 2024 @ 10:30am to see if he can apply for Work Group M
8  (See Attachment for more information on Work Group M), but
9  J. Morris denied him without any real reasoning. On July 15,
10  2024, the Plaintiff was evaluated for a disability code
11  (DPP Code) so that the Prison (And CDCR) would recognize
12  the Plaintiff as having a disability (See Attachment). His
13  PCP told him that he would have to be blind in "both eyes"
14  to be recognized as having a disability and that he is
15  Considered to be "full duty" (See Attachment). The Plaintiff's
16  PCP Concluded by telling him that other than being an actual
17  firefighter in firecamp, "Nothing is holding Plaintiff Glaze back"
18  from having any other camp assignment such as a Cook, Porter,
19  Clerk, etc., and put the blame on the Prison (And CDCR) for not
20  letting him do so.

## Claim I Cont.

1  Plaintiff Glaze had a meeting to go see his assigned
2  Counselor (A. Sanchez) on June 17, 2024 @ 10:00am, where he
3  asked him directly, "So the only reason you guys won't let me
4  join the firecamp Program in any way is because of my eye
5  correct?," in which A. Sanchez replied "Yes". Plaintiff also
6  went to the counselor assigned to firecamp (J. Morris) on July
7  11, 2024 @ 10:30am to see if he can apply for Work Group M
8  (See Attachment for more information on Work Group M), but
9  J. Morris denied him without any real reasoning. On July 15,
10 2024, the Plaintiff was evaluated for a disability code
11 (DPP code) so that the Prison (And CDCR) would recognize
12 the Plaintiff as having a disability (See Attachment). His
13 PCP told him that he would have to be blind in "both eyes"
14 to be recognized as having a disability and that he is
15 considered to be "full duty" (See Attachment). The Plaintiff's
16 PCP concluded by telling him that other than being an actual
17 firefighter in firecamp, "Nothing is holding Plaintiff Glaze back"
18 from having any other camp assignment such as a Cook, Porter,
19 Clerk, etc., and put the blame on the Prison (And CDCR) for not
20 letting him do so.
21
22
23
24
25
26
27
28

Under Title 15, Section 3044 (b)(8)(CB) if you are
otherwise eligible for an assignment to Minimum A or B
custody, but cannot be assigned to those Programs because
of your medical status requiring additional clinical and
custodial supervision, then you can still receive Good
Conduct Credits as Part of Work Group M.

Plaintiff Glaze does not have any warrants or holds, history
of escape, or history of arson (setting fires) where CDCR
may lawfully restrict fire Camp assignments to
incarcerated People.

Plaintiff Glaze's disability also does not create a
threat of harm to the incarcerated People or other Persons
in a firecamp under the disabilities law that allows the
CDCR to keep incarcerated People out of Camp as he is
listed as a "low risk" medically (See Plaintiff's Medical
Classification Chrono attached to this complaint).

As Plaintiff Glaze's PCP already Put it, other than being
an actual firefighter, his disability does not keep him
from being able to Perform the "essential functions" of
any other Camp assignments (Cook, Porter, Clerk, etc.).

Under Title 15, Section 3044 (b)(8)(B) if you are otherwise eligible for an assignment to Minimum A or B custody, but cannot be assigned to those programs because of your medical status requiring additional clinical and custodial supervision, then you can still receive Good Conduct Credits as part of Work Group M.

Plaintiff Glaze does not have any warrants or holds, history of escape, or history of arson (setting fires) where CDCR may lawfully restrict fire camp assignments to incarcerated people.

Plaintiff Glaze's disability also does not create a threat of harm to the incarcerated people or other persons in a firecamp under the disabilities law that allows the CDCR to keep incarcerated people out of camp as he is listed as a "low risk" medically (See Plaintiff's Medical Classification Chrono attached to this complaint).

As Plaintiff Glaze's PCP already put it, other than being an actual firefighter, his disability does not keep him from being able to perform the "essential functions" of any other camp assignments (Cook, Porter, Clerk, etc.).

1 **Proof of Service by Mail** (CCP § 1013(a) & 2015.5; 28 USC 1746)

2

3 I declare that:

4 I am a resident of the County of _Riverside_ , California. I am

5 over the age of eighteen years. My residence address is:

6 _Isaiah Glaze; BN8709; CRC-Dorm 308/20L;_

7 _P.O. Box 3535; Norco, California 92860-0999_ .

8 On _08/14/2024_ I served the attached _Civil Rights Complaint_

9 _Pursuant to 42 U.S.C. §1983_

10

11 on the _United States District Court_ in said case, by placing a true copy thereof enclosed

12 in a sealed envelope with postage thereon fully paid in the United States mail at _Norco,_

13 _California_

14 addressed as follows _United States District Court; Central_

15 _District of California; 312 North Spring Street; Los_

16 _Angeles, California 90012_

17

18

19 I declare under penalty of perjury under the laws of the State of California that the foregoing is

20 true and correct, and that this declaration was executed on (date) _08/14/2024_ ,

21 at _Norco_ , California.

22 Type or print name: _Isaiah Glaze_

23 Signature: _[signature]_

24

25



**Denials and Delays**

**Harmful Insurance Company Practices Threaten Patient Care**

**GET THE FACTS**

Paid for by California Hospital Association

California Hospital Association

LOCAL

# California inmates fight wildfires — but if prisons can't supply enough crews, what's next?

BY **MAYA MILLER**
UPDATED MAY 31, 2024 4:25 PM



# Denials and Delays

## Harmful Insurance Company Practices Threaten Patient Care

### GET THE FACTS

Paid for by California Hospital Association

California Hospital Association

LOCAL

# California inmates fight wildfires — but if prisons can't supply enough crews, what's next?

BY **MAYA MILLER**
UPDATED MAY 31, 2024 4:25 PM



Meet youth offenders training to join Cal Fire as firefighters



Meet youth offenders training to join Cal Fire as firefighters

CDCR is piloting a new "Youth Offender Program" where inmates between the ages of 18-25 who have more severe sentences/crimes on their record are eligible for fire camps on a case-by-case basis. BY PAUL KITAGAKI JR.

California has long depended on incarcerated people to battle wildfires.

Since the end of World War II, the state has relied on inmates to staff its more than 200 "hand crews" deployed each fire season to lay hoses and help contain the blazes by cutting fire lines free of vegetation.

But a steady decline in the state's prison population due to sentencing reform has left many of California's minimum security conservation camps operating at half capacity or less. And as the 2024 fire season kicks into high gear, Cal Fire is short 110 of its 236 budgeted hand crews. Only 126 crews were fully staffed as of Thursday, the agency formally known as the California Department of Forestry and Fire Protection said.

**TOP VIDEOS**

AD



Order Now

Skip Ad

"Hand crews are truly what extinguishes wildland fires," said Erich Schwab, division chief for Cal Fire's AEU sector, which responds to blazes in Sacramento, El Dorado, Amador and Alpine counties. "And we don't have enough of those in the state right now."

Most viable solutions to the hand crew shortage are far more expensive than inmate hand crews — a daunting prospect given the state's estimated $45 billion budget

CDCR is piloting a new "Youth Offender Program" where inmates between the ages of 18-25 who have more severe sentences/crimes on their record are eligible for fire camps on a case-by-case basis. BY PAUL KITAGAKI JR.

California has long depended on incarcerated people to battle wildfires.

Since the end of World War II, the state has relied on inmates to staff its more than 200 "hand crews" deployed each fire season to lay hoses and help contain the blazes by cutting fire lines free of vegetation.

But a steady decline in the state's prison population due to sentencing reform has left many of California's minimum security conservation camps operating at half capacity or less. And as the 2024 fire season kicks into high gear, Cal Fire is short 110 of its 236 budgeted hand crews. Only 126 crews were fully staffed as of Thursday, the agency formally known as the California Department of Forestry and Fire Protection said.

TOP VIDEOS

AD



Order Now

Skip Ad

"Hand crews are truly what extinguishes wildland fires," said Erich Schwab, division chief for Cal Fire's AEU sector, which responds to blazes in Sacramento, El Dorado, Amador and Alpine counties. "And we don't have enough of those in the state right now."

Most viable solutions to the hand crew shortage are far more expensive than inmate hand crews — a daunting prospect given the state's estimated $45 billion budget

problem.

But the California Department of Corrections and Rehabilitation hopes a new two-year pilot targeted at younger inmates will help revive the conservation camp model and boost the pipeline for hand crew laborers.

An expansion of CDCR's existing "Youth Offender Program" allows qualified inmates under the age of 26 to serve their sentences in a conservation camp alongside trained inmate mentors. CDCR said the purpose of the program is to "promote rehabilitation and provide important job skills." The program still excludes inmates who have a history of escape or are convicted of murder, arson or sexual assault.

problem.

But the California Department of Corrections and Rehabilitation hopes a new two-year pilot targeted at younger inmates will help revive the conservation camp model and boost the pipeline for hand crew laborers.

An expansion of CDCR's existing "Youth Offender Program" allows qualified inmates under the age of 26 to serve their sentences in a conservation camp alongside trained inmate mentors. CDCR said the purpose of the program is to "promote rehabilitation and provide important job skills." The program still excludes inmates who have a history of escape or are convicted of murder, arson or sexual assault.



Cal Fire Inmate Michael Nguyen, second from left, lines up his Crew 5 team members as they demonstrate their skills at the Growlersburg Conservation Camp in Georgetown in March. The California Department of Corrections is piloting a new "Youth Offender Program" where inmates between under age 26 who have more severe sentences on their record are eligible for fire camps on a case-by-case basis. Paul Kitagaki Jr. *pkitagaki@sacbee.com*

The first group of 30 inmate participants and their mentors arrived at Growlersburg Conservation Camp in Georgetown last November. All came from Valley State Prison in Chowchilla, which claims to be leading the charge on implementing the more rehabilitative "California Model" of incarceration.

Capt. Fred Money, CDCR's liaison for conservation camps, told reporters in March that inmate firefighters can "absolutely be hired by Cal Fire" after they leave on parole. Money said he "would be retired today" if it wasn't for the camp program. He's a firm believer in the power of the conservation camp model.

"I love this program, and there's work that we can do with it still," Money told reporters at Growlersburg camp. "Without a doubt, if there is a program within the state that can help somebody go from an incarcerated life to never coming back to an incarcerated life, this is the program that can do it."

## HOW DOES INMATE SHORTAGE AFFECT CAL FIRE'S ABILITY TO FIGHT WILDFIRES?

Ten years ago, Schwab said he could order 20 hand crews for help and "no one would bat an eye." But now, if he were to go to a wildland fire and try to call in help



Cal Fire Inmate Michael Nguyen, second from left, lines up his Crew 5 team members as they demonstrate their skills at the Growlersburg Conservation Camp in Georgetown in March. The California Department of Corrections is piloting a new "Youth Offender Program" where inmates between under age 26 who have more severe sentences on their record are eligible for fire camps on a case-by-case basis. Paul Kitagaki Jr. *pkitagaki@sacbee.com*

The first group of 30 inmate participants and their mentors arrived at Growlersburg Conservation Camp in Georgetown last November. All came from Valley State Prison in Chowchilla, which claims to be leading the charge on implementing the more rehabilitative "California Model" of incarceration.

Capt. Fred Money, CDCR's liaison for conservation camps, told reporters in March that inmate firefighters can "absolutely be hired by Cal Fire" after they leave on parole. Money said he "would be retired today" if it wasn't for the camp program. He's a firm believer in the power of the conservation camp model.

"I love this program, and there's work that we can do with it still," Money told reporters at Growlersburg camp. "Without a doubt, if there is a program within the state that can help somebody go from an incarcerated life to never coming back to an incarcerated life, this is the program that can do it."

## HOW DOES INMATE SHORTAGE AFFECT CAL FIRE'S ABILITY TO FIGHT WILDFIRES?

Ten years ago, Schwab said he could order 20 hand crews for help and "no one would bat an eye." But now, if he were to go to a wildland fire and try to call in help

from 20 crews, the response he'd get is, "We don't have them."

Hand crews are teams of 15 to 20 firefighters who cut vegetation-free perimeters to prevent flames from spreading. They're essential for steep terrain where bulldozers can't safely go. After hiking several miles into a fire zone, crews use chainsaws and hand tools — such as Pulaski axes and McLeod rakehoes — to cut miles of fire line. Those borders help keep the blaze contained so other firefighters can extinguish the flames, often with water from miles of hoses that the hand crews are also in charge of laying out.

In January 2010, close to 4,000 people lived in California's fire camps. As of early May, only 1,867 of the camps' beds were filled.

Sentencing reforms in the past two decades, including credits for good behavior, decreased the inmate population even before the COVID-19 pandemic. The suspension of inmates into state prisons during COVID-19 continued the decline of available inmates for conservation camps.

"The administration currently projects that the state's prison population will decline by roughly 7 percent between 2023-24 and 2025-26," according to a February 2023 report from the Legislative Analyst's Office. "These declines, should they materialize,

from 20 crews, the response he'd get is, "We don't have them."

Hand crews are teams of 15 to 20 firefighters who cut vegetation-free perimeters to prevent flames from spreading. They're essential for steep terrain where bulldozers can't safely go. After hiking several miles into a fire zone, crews use chainsaws and hand tools — such as Pulaski axes and McLeod rakehoes — to cut miles of fire line. Those borders help keep the blaze contained so other firefighters can extinguish the flames, often with water from miles of hoses that the hand crews are also in charge of laying out.

In January 2010, close to 4,000 people lived in California's fire camps. As of early May, only 1,867 of the camps' beds were filled.

Sentencing reforms in the past two decades, including credits for good behavior, decreased the inmate population even before the COVID-19 pandemic. The suspension of inmates into state prisons during COVID-19 continued the decline of available inmates for conservation camps.

"The administration currently projects that the state's prison population will decline by roughly 7 percent between 2023-24 and 2025-26," according to a February 2023 report from the Legislative Analyst's Office. "These declines, should they materialize,

6/3/24, 9:51 PM    Case 5:24-cv-01835-DSF-DFM    Document 1    Filed 08/26/24    Page 28 of 59    Page ID
CA crime reforms leave far fewer inmates to fight wildfires | Sacramento Bee
#:28

likely would result in further reductions to the population housed at conservation camps."

Given the shrinking incarcerated population, Gov. Gavin Newsom closed eight camps as part of the 2020-21 state budget. The closures reduced the total camp capacity to about 3,650 people and permanently cut 40 hand crews from CDCR's ranks.

Of the 152 remaining crews, an average of just 56 were fully staffed and available for statewide response during the 2021 fire year. In 2022, only 48 of those crews were fully staffed. Today, though, the department had 69 crews staffed in the spring, according to spokesperson Tessa Outhyse.

The state also closed the California Correction Center in Susanville in 2022. The Susanville Training Center was responsible for training inmate firefighters for 14 of CDCR's camps. The Sierra Conservation Center in Jamestown is now responsible for providing the majority of trained inmate firefighters.

CDCR has tried to triage the decline in fire camp populations by expanding eligibility to inmates who were traditionally labeled as higher risk. People with certain "violent" convictions, such as armed robbery or aggravated assault, could apply to live and work in a fire camp so long as they had a track record of good behavior and met other requirements such as education and physical fitness.



Safety helmets rest on the wall inside a sawmill at the Growlersburg Conservation Camp in April. An expansion of CDCR's existing "Youth Offender Program" allows qualified inmates under the age of 26 to serve their sentences in a conservation camp alongside trained inmate mentors. Paul Kitagaki Jr. *pkitagaki@sacbee.com*

To make up for the decline in inmate firefighters, Cal Fire entered partnerships with the California Conservation Corps and the California Military Department to source more hand crews. Last year's **state budget approved close to $120 million** and more than 500 additional positions for Cal Fire, the vast majority of them hand crews. Cal Fire also **requested more than $100 million** and 270 positions as part of the 2022-23 budget to staff hand crews from the California Conservation Corps and California Military Department

While CDCR inmate firefighters earn about $3 to $5 a day depending on skill level (and an extra $1 an hour when actively fighting fires), members of the California Conservation Corps and California National Guard earn upwards of $15 an hour. CDCR **adopted new regulations April 16 that doubled wages** for incarcerated workers — firefighters now earn roughly $6 to $10 a day, said CDCR spokesman Todd Javernick.



Safety helmets rest on the wall inside a sawmill at the Growlersburg Conservation Camp in April. An expansion of CDCR's existing "Youth Offender Program" allows qualified inmates under the age of 26 to serve their sentences in a conservation camp alongside trained inmate mentors. Paul Kitagaki Jr. *pkitagaki@sacbee.com*

To make up for the decline in inmate firefighters, Cal Fire entered partnerships with the California Conservation Corps and the California Military Department to source more hand crews. Last year's **state budget approved close to $120 million** and more than 500 additional positions for Cal Fire, the vast majority of them hand crews. Cal Fire also **requested more than $100 million** and 270 positions as part of the 2022-23 budget to staff hand crews from the California Conservation Corps and California Military Department

While CDCR inmate firefighters earn about $3 to $5 a day depending on skill level (and an extra $1 an hour when actively fighting fires), members of the California Conservation Corps and California National Guard earn upwards of $15 an hour. CDCR **adopted new regulations April 16 that doubled wages** for incarcerated workers — firefighters now earn roughly $6 to $10 a day, said CDCR spokesman Todd Javernick.



▷×
**Designed For All-Day Walking**

Kick it for hours without fatigue

❶ Water-repellent ❷ Immovable Tongue
❸ Hands-free Design ❹ Pressure-relief Insole

VIVAIA

Cal Fire also now staffs three full-time hand crews of its own, Schwab said. That
requires employing 120 firefighters, two battalion chiefs, 11 captains, seven
engineers, several cooks and a staff services analyst.

The budget for all those Cal Fire salaries totals about $15 million.

"It's a lot of money. An insane amount," Schwab said. "It's not a cheap fix, but it's a
fix."

One silver lining of Cal Fire hiring extra crews is today's inmate firefighters could
have a greater chance of landing a seasonal job with Cal Fire after they parole.

"We've diversified our program a little bit recently because of the lack of inmates,"
said Damon Godden, deputy chief for the hand crew program at Cal Fire's
Sacramento headquarters. "It turns out that by having our own firefighter crews,
we've built an avenue for our parolees and ex-inmate firefighters to get jobs with us.
So there's a lot of benefits to us diversifying a little bit."

### WHAT IS LIFE LIKE FOR AN INMATE FIREFIGHTER?

Tucked away in the woods, free of electric fences, barbed wire and guard towers,
fire camps are an attractive alternative to traditional prison yards. Instead of
wearing shackles and being escorted by guards, inmates at California conservation
camps can walk around freely within camp.



▷×
**Designed For All-Day Walking**

Kick it for hours without fatigue

❶ Water-repellent ❷ Immovable Tongue
❸ Hands-free Design ❹ Pressure-relief Insole

VIVAIA



**Designed For All-Day Walking**

Kick it for hours without fatigue

❶ Water-repellent    ❷ Immovable Tongue
❸ Hands-free Design    ❹ Pressure-relief Insole

VIVAIA

Cal Fire also now staffs three full-time hand crews of its own, Schwab said. That requires employing 120 firefighters, two battalion chiefs, 11 captains, seven engineers, several cooks and a staff services analyst.

The budget for all those Cal Fire salaries totals about $15 million.

"It's a lot of money. An insane amount," Schwab said. "It's not a cheap fix, but it's a fix."

One silver lining of Cal Fire hiring extra crews is today's inmate firefighters could have a greater chance of landing a seasonal job with Cal Fire after they parole.

"We've diversified our program a little bit recently because of the lack of inmates," said Damon Godden, deputy chief for the hand crew program at Cal Fire's Sacramento headquarters. "It turns out that by having our own firefighter crews, we've built an avenue for our parolees and ex-inmate firefighters to get jobs with us. So there's a lot of benefits to us diversifying a little bit."

### WHAT IS LIFE LIKE FOR AN INMATE FIREFIGHTER?

Tucked away in the woods, free of electric fences, barbed wire and guard towers, fire camps are an attractive alternative to traditional prison yards. Instead of wearing shackles and being escorted by guards, inmates at California conservation camps can walk around freely within camp.



**Designed For All-Day Walking**

Kick it for hours without fatigue

❶ Water-repellent    ❷ Immovable Tongue
❸ Hands-free Design    ❹ Pressure-relief Insole

VIVAIA

For Branden Lee Lerma, Growlersburg is more than a colorful and nature-filled escape from the dull gray walls of prison. It also serves as a "safe space" where he's "able to breathe for once."

Lerma, 23, is from Winters and was was convicted of four felonies in February 2020, when he was just 19. The year before, Lerma participated in two separate robbery plots where he shot the victims, stole their possessions and abandoned them on the side of a road in Solano County. He pleaded no-contest to all four counts and was sentenced to 18 years in state prison.

Lerma said the robberies were "obviously" poor decisions, but at the time he was "going through a lot of traumatic events." He said he had "hit rock bottom" and instead of seeking help, he allowed his environment and gang affiliations to control him.

He arrived at Growlersburg in November and has so far enjoyed his experience. When not on fire duty, Lerma and his fellow crew members work eight-hour days from 8:30 a.m. to 4:30 p.m. They assist with trail maintenance and restoration, facilitate prescribed burns and cut back overgrowth and foliage to improve visibility along major roadways.

"I used to hurt my community, and now I just want to give back," Lerma said. "I'm tired of destroying. I want to build something with my hands."

Lerma also hopes to shave time off his sentence through his service at the fire camp, although he said that wasn't the sole reason driving him to Growlersburg. As part of Proposition 57, passed by California voters in 2016, inmates can accrue sentence credits by participating in rehabilitative programs. Those who work full-time in fire camps can shave time off their sentence. Lerma has already served four years in prison. He's on track for parole in about five years, March 2029.

For Branden Lee Lerma, Growlersburg is more than a colorful and nature-filled escape from the dull gray walls of prison. It also serves as a "safe space" where he's "able to breathe for once."

Lerma, 23, is from Winters and was was convicted of four felonies in February 2020, when he was just 19. The year before, Lerma participated in two separate robbery plots where he shot the victims, stole their possessions and abandoned them on the side of a road in Solano County. He pleaded no-contest to all four counts and was sentenced to 18 years in state prison.

Lerma said the robberies were "obviously" poor decisions, but at the time he was "going through a lot of traumatic events." He said he had "hit rock bottom" and instead of seeking help, he allowed his environment and gang affiliations to control him.

He arrived at Growlersburg in November and has so far enjoyed his experience. When not on fire duty, Lerma and his fellow crew members work eight-hour days from 8:30 a.m. to 4:30 p.m. They assist with trail maintenance and restoration, facilitate prescribed burns and cut back overgrowth and foliage to improve visibility along major roadways.

"I used to hurt my community, and now I just want to give back," Lerma said. "I'm tired of destroying. I want to build something with my hands."

Lerma also hopes to shave time off his sentence through his service at the fire camp, although he said that wasn't the sole reason driving him to Growlersburg. As part of Proposition 57, passed by California voters in 2016, inmates can accrue sentence credits by participating in rehabilitative programs. Those who work full-time in fire camps can shave time off their sentence. Lerma has already served four years in prison. He's on track for parole in about five years, March 2029.



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** GLAZE, ISAIAH THOMAS

**CDC#:** BN8709

**Current Location:** CRC-Facility C

**Date:** 03/30/2024

**Current Area/Bed:** C 308 1 - 000020L

**Log #:** 000000537019

## Claim #: 001

**Received at Institution/Parole Region:** California Rehabilitation Center

**Submitted to Facility/Parole District:** CRC-Facility C

**Housing Area/Parole Unit:**

**Category:** CDCR Form 1824          **Sub-Category:** WG/PG

### I. CLAIM

"S" is requesting vigorous duty for functional capacity.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

H. Lopez AW; H. Farris, PSY; K. Evans, SSA; S. Heyne, CME; R. Martin, SSA; S. Vaughan CP&S; C. Spencer, AGPA; J. Robles, AC&PR; S. Chavez, CCII(A); O. Capacete, OOG.

#### B. DOCUMENTS CONSIDERED

1824
IAP
DVP
RAP

### III. REASONING AND DECISION

The Reasonable Accommodation Panel (RAP) is a request process to determine any disability access or discrimination issues. RAP has taken your request into consideration. You were evaluated by your Primary Care Provider (PCP) about your concerns on 03/20/24, however, you do have a medical diagnosis and do not meet the National Fire Protection Associations (NFPA) standards to work as a firefighter at fire camp. Your PCP evaluation found no need to accommodate a change to successfully program at CRC. Your reasonable accommodation is not warranted.

You may use the CDCR 1824 Reasonable Accommodation Request if you have a physical or mental disability, or if you believe you have a physical or mental disability; or to request a specific reasonable accommodation, which if approved, will enable you to access and/or participate in program, service, or activity; or to submit an allegation of disability-based discrimination. Submit your completed CDCR 1824 by using the CDCR 602 Inmate Appeal drop box.

Should you need to be seen by Health Care staff to resolve a health care issue (medical/dental/mental health), you may use a CDC 7362 Health Care Services Request Form addressing the reason you require evaluation and submit your completed CDC 7362 by using the Health Care Services drop box located in the Facility.

Should you need assistance in completing any of the above forms please contact your housing unit staff or your assigned Correctional Counselor. Additionally, you can ask any of the ADA workers, identified in the yellow tee shirts for assistance.



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** GLAZE, ISAIAH THOMAS          **Date:** 03/30/2024

**CDC#:** BN8709

**Current Location:** CRC-Facility C          **Current Area/Bed:** C 308 1 - 000020L

**Log #:** 000000537019

---

## Claim #: 001

**Received at Institution/Parole Region:**   California Rehabilitation Center
**Submitted to Facility/Parole District:**   CRC-Facility C
**Housing Area/Parole Unit:**
**Category:** CDCR Form 1824          **Sub-Category:**   WG/PG

### I. CLAIM

"S" is requesting vigorous duty for functional capacity.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

H. Lopez AW; H. Farris, PSY; K. Evans, SSA; S. Heyne, CME; R. Martin, SSA; S. Vaughan CP&S; C. Spencer, AGPA; J. Robles, AC&PR; S. Chavez, CCII(A); O. Capacete, OOG.

#### B. DOCUMENTS CONSIDERED

1824
IAP
DVP
RAP

### III. REASONING AND DECISION

The Reasonable Accommodation Panel (RAP) is a request process to determine any disability access or discrimination issues. RAP has taken your request into consideration. You were evaluated by your Primary Care Provider (PCP) about your concerns on 03/20/24, however, you do have a medical diagnosis and do not meet the National Fire Protection Associations (NFPA) standards to work as a firefighter at fire camp. Your PCP evaluation found no need to accommodate a change to successfully program at CRC. Your reasonable accommodation is not warranted.

You may use the CDCR 1824 Reasonable Accommodation Request if you have a physical or mental disability, or if you believe you have a physical or mental disability; or to request a specific reasonable accommodation, which if approved, will enable you to access and/or participate in program, service, or activity; or to submit an allegation of disability-based discrimination. Submit your completed CDCR 1824 by using the CDCR 602 Inmate Appeal drop box.

Should you need to be seen by Health Care staff to resolve a health care issue (medical/dental/mental health), you may use a CDC 7362 Health Care Services Request Form addressing the reason you require evaluation and submit your completed CDC 7362 by using the Health Care Services drop box located in the Facility.

Should you need assistance in completing any of the above forms please contact your housing unit staff or your assigned Correctional Counselor. Additionally, you can ask any of the ADA workers, identified in the yellow tee shirts for assistance.

**IV. Comments**

To grieve Health Care determinations made during RAP, submit a CDCR 602 HC Health Care Grievance, and/or to appeal other aspects of the RAP's decision, file a CDCR 602 Inmate/Parolee Appeal. Be sure to attach a copy of this response along with your CDCR 1824 as supporting documents.

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| H. Lopez [LOHE005] | Reviewing Authority | 03/29/2024 |

## IV. Comments

To grieve Health Care determinations made during RAP, submit a CDCR 602 HC Health Care Grievance, and/or to appeal other aspects of the RAP's decision, file a CDCR 602 Inmate/Parolee Appeal. Be sure to attach a copy of this response along with your CDCR 1824 as supporting documents.

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| H. Lopez [LOHE005] | Reviewing Authority | 03/29/2024 |

STATE OF CALIFORNIA
**REASONABLE ACCOMMODATION REQUEST**
CDCR 1824 (Rev. 09/17)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 1

| **INSTITUTION** (Staff use only) | **LOG NUMBER** (Staff Use Only) | **DATE RECEIVED BY STAFF:** |
|---|---|---|
| CRC | 537019 | MAR 21 2024 |

*********TALK TO STAFF IF YOU HAVE AN EMERGENCY*********

DO NOT use a CDCR 1824 to request health care or to appeal a health care decision. This may delay your access to health care. Instead, submit a CDC 7362 or a CDCR 602-HC

**CRC OFFICE OF GRIEVANCES**

| **INMATE'S NAME** (Print) | **CDCR NUMBER** | **ASSIGNMENT** | **HOUSING** |
|---|---|---|---|
| Isaiah Glaze | BN8709 | | 308/20L |

INSTRUCTIONS:

- You may use this form if you have a physical or mental disability or if you believe you have a physical or mental disability.
- You may use this form to request a specific reasonable accommodation which, if approved, will enable you to access and/or participate in a program, service or activity. You may also use this form to submit an allegation of disability-based discrimination.
- Submit this form to the Custody Appeals Office.
- The 1824 process is intended for an individual's accommodation request. Each individual's request requires a case-by-case review.
- The CDCR 1824 is a request process, not an appeal process. All CDCR 1824 requests will receive a response.
- If you have received an 1824 decision that you disagree with, you may submit an appeal (CDCR 602, or CDCR 602-HC if you are disagreeing with a medical diagnosis/treatment decision).

**WHAT CAN'T YOU DO / WHAT IS THE PROBLEM?**

The doctor won't put me on vigours duty due to the fact that I can't see out of one eye. I meet all the other requirements to be able to be on vigours duty so that I can do firecamp (as told to me by the doctor himself) and I shouldn't be denied that opportunity because of that

**WHY CAN'T YOU DO IT?**

The doctor was told that even though I meet all the requirements to be in firecamp, he can't clear me because I can't see out of one eye

**WHAT DO YOU NEED?**

I want to be cleared so that I can go to firecamp. Even the doctor himself said that there's nothing else holding me back from doing so and whatever accommodations that can be made to get this done. I'll highly appreciate it.

*(Use the back of this form if more space is needed)*

**DO YOU HAVE DOCUMENTS THAT DESCRIBE YOUR DISABILITY?**    Yes ☐    No ☑    Not Sure ☐

List and attach documents, if available:

I understand that staff have a right to interview or examine me, and my failure to cooperate may cause this request to be disapproved.

| | |
|---|---|
| **INMATE'S SIGNATURE** | 03/20/2024 **DATE SIGNED** |

Assistance in completing this form was provided by:

| Last Name | First Name | Signature |
|---|---|---|
| | | |

STATE OF CALIFORNIA
**REASONABLE ACCOMMODATION REQUEST**
CDCR 1824 (Rev. 09/17)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 1

| INSTITUTION (Staff use only) CRC | LOG NUMBER (Staff Use Only) 537019 | DATE RECEIVED BY STAFF: MAR 21 2024 |
|---|---|---|

**\*\*\*\*\*\*\*\*\*\*TALK TO STAFF IF YOU HAVE AN EMERGENCY\*\*\*\*\*\*\*\*\*\***
DO NOT use a CDCR 1824 to request health care or to appeal a health care decision. This may delay your access to health care. Instead, submit a CDC 7362 or a CDCR 602-HC

CRC OFFICE OF GRIEVANCES

| INMATE'S NAME (Print) Isaiah Glaze | CDCR NUMBER BN8709 | ASSIGNMENT | HOUSING 308/20L |
|---|---|---|---|

INSTRUCTIONS:

- You may use this form if you have a physical or mental disability or if you believe you have a physical or mental disability.
- You may use this form to request a specific reasonable accommodation which, if approved, will enable you to access and/or participate in a program, service or activity. You may also use this form to submit an allegation of disability-based discrimination.
- Submit this form to the Custody Appeals Office.
- The 1824 process is intended for an individual's accommodation request. Each individual's request requires a case-by-case review.
- The CDCR 1824 is a request process, not an appeal process. All CDCR 1824 requests will receive a response.
- If you have received an 1824 decision that you disagree with, you may submit an appeal (CDCR 602, or CDCR 602-HC if you are disagreeing with a medical diagnosis/treatment decision).

**WHAT CAN'T YOU DO / WHAT IS THE PROBLEM?**
The doctor won't Put me on vigours duty due to the fact that I can't see out of one eye. I meet all the other requirements to be able to be on vigours duty so that I can do firecamp (As told to me by the doctor himself) and I shouldn't be denied that opportunity because of that

**WHY CAN'T YOU DO IT?**
The doctor was told that even though I meet all the requirements to be in firecamp, he can't clear me because I can't see out of one eye

**WHAT DO YOU NEED?**
I want to be cleared so that I can go to firecamp. Even the doctor himself said that there's nothing else holding me back from doing so and whatever accommodations that can be made to get this done, i'll highly appreciate it.

*(Use the back of this form if more space is needed)*

**DO YOU HAVE DOCUMENTS THAT DESCRIBE YOUR DISABILITY?**   Yes ☐   No ☑   Not Sure ☐

List and attach documents, if available:

I understand that staff have a right to interview or examine me, and my failure to cooperate may cause this request to be disapproved.

| *Isaiah Glaze* | 03/20/2024 |
|---|---|
| **INMATE'S SIGNATURE** | **DATE SIGNED** |

Assistance in completing this form was provided by:

| | | |
|---|---|---|
| Last Name | First Name | Signature |

**REASONABLE ACCOMMODATION PANEL (RAP) RESPONSE**

**RAP Meeting Date:** 03/26/2024   **Date IAC Received 1824:** 03/21/2024 1824 **Log Number:** **537019**

**Inmate's Name:** GLAZE, I                **CDCR #:** BN8709                **Housing:** B 308-20L

**RAP Staff Present:** H. Lopez AW; H. Farris, PSY; K. Evans, SSA; S. Heyne, CME; R. Martin, SSA; S. Vaughan CP&S; C. Spencer, AGPA; J. Robles, AC&PR; S. Chavez, CCII(A); O. Capacete, OOG.

**Summary of Inmate's 1824 Request:** "S" is requesting vigorous duty for functional capacity.

## Interim Accommodation:

☒ No interim required: You have a medical diagnosis that disqualifies from vigorous activity.

☐ Interim Accommodation provided:

☐ RAP rescinding interim accommodation:

## RAP RESPONSE:

### RAP can render a final decision on the following:

**Response**: The Reasonable Accommodation Panel (RAP) is a request process to determine any disability access or discrimination issues. RAP has taken your request into consideration. You were evaluated by your Primary Care Provider (PCP) about your concerns on 03/20/24, however, you do have a medical diagnosis and do not meet the National Fire Protection Associations (NFPA) standards to work as a firefighter at fire camp. Your PCP evaluation found no need to accommodate a change to successfully program at CRC. Your reasonable accommodation is not warranted.

You may use the CDCR 1824 Reasonable Accommodation Request if you have a physical or mental disability, or if you believe you have a physical or mental disability; or to request a specific reasonable accommodation, which if approved, will enable you to access and/or participate in program, service, or activity; or to submit an allegation of disability-based discrimination. Submit your completed CDCR 1824 by using the CDCR 602 Inmate Appeal drop box.

Should you need to be seen by Health Care staff to resolve a health care issue (medical/dental/mental health), you may use a CDC 7362 Health Care Services Request Form addressing the reason you require evaluation and submit your completed CDC 7362 by using the Health Care Services drop box located in the Facility.

Should you need assistance in completing any of the above forms please contact your housing unit staff or your assigned Correctional Counselor. Additionally, you can ask any of the ADA workers, identified in the yellow tee shirts for assistance.

**Direction if dissatisfied:** To grieve Health Care determinations made during RAP, submit a **CDCR 602 HC Health Care Grievance**, and/or to appeal other aspects of the RAP's decision, file a CDCR 602 Inmate/Parolee Appeal. Be sure to attach a copy of this response along with your CDCR 1824 as supporting documents.


H. Lopez AW
**ADA Coordinator/Designee**          **Signature**          **Date sent to inmate:** 3/29/24

**REASONABLE ACCOMMODATION PANEL (RAP) RESPONSE**

**RAP Meeting Date:** 03/26/2024  **Date IAC Received 1824:** 03/21/2024 1824 **Log Number:** 537019

**Inmate's Name:** GLAZE, I          **CDCR #:** BN8709          **Housing:** B 308-20L

**RAP Staff Present:** H. Lopez AW; H. Farris, PSY; K. Evans, SSA; S. Heyne, CME; R. Martin, SSA; S. Vaughan CP&S; C. Spencer, AGPA; J. Robles, AC&PR; S. Chavez, CCII(A); O. Capacete, OOG.

**Summary of Inmate's 1824 Request:** "S" is requesting vigorous duty for functional capacity.

## Interim Accommodation:

☒ No interim required: You have a medical diagnosis that disqualifies from vigorous activity.

☐ Interim Accommodation provided:

☐ RAP rescinding interim accommodation:

## RAP RESPONSE:

### RAP can render a final decision on the following:

**Response:** The Reasonable Accommodation Panel (RAP) is a request process to determine any disability access or discrimination issues. RAP has taken your request into consideration. You were evaluated by your Primary Care Provider (PCP) about your concerns on 03/20/24, however, you do have a medical diagnosis and do not meet the National Fire Protection Associations (NFPA) standards to work as a firefighter at fire camp. Your PCP evaluation found no need to accommodate a change to successfully program at CRC. Your reasonable accommodation is not warranted.

You may use the CDCR 1824 Reasonable Accommodation Request if you have a physical or mental disability, or if you believe you have a physical or mental disability; or to request a specific reasonable accommodation, which if approved, will enable you to access and/or participate in program, service, or activity; or to submit an allegation of disability-based discrimination. Submit your completed CDCR 1824 by using the CDCR 602 Inmate Appeal drop box.

Should you need to be seen by Health Care staff to resolve a health care issue (medical/dental/mental health), you may use a CDC 7362 Health Care Services Request Form addressing the reason you require evaluation and submit your completed CDC 7362 by using the Health Care Services drop box located in the Facility.

Should you need assistance in completing any of the above forms please contact your housing unit staff or your assigned Correctional Counselor. Additionally, you can ask any of the ADA workers, identified in the yellow tee shirts for assistance.

**Direction if dissatisfied:** To grieve Health Care determinations made during RAP, submit a **CDCR 602 HC Health Care Grievance**, and/or to appeal other aspects of the RAP's decision, file a CDCR 602 Inmate/Parolee Appeal. Be sure to attach a copy of this response along with your CDCR 1824 as supporting documents.

H. Lopez AW
**ADA Coordinator/Designee**          **Signature**          **Date sent to inmate:** 3/29/24



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# OFFICE OF APPEALS DECISION

**Offender Name:** GLAZE, ISAIAH THOMAS

**CDC#:** BN8709

**Current Location:** CRC-Facility C

**Date:** 06/06/2024

**Current Area/Bed:** C 308 1 - 000020L

**Log #:** 000000537019

---

## Claim # 001

**Received at Institution/Parole Region:** California Rehabilitation Center
**Submitted to Facility/Parole District:** CRC-Facility C
**Housing Area/Parole Unit:**
**Category:** CDCR Form 1824                **Sub-Category:** WG/PG

### I. ISSUE ON APPEAL

Appellant submitted a CDCR Form 1824 requesting to be cleared for vigorous duty so appellant may attend fire camp.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

Title 15, section 3044

#### B. DOCUMENTS CONSIDERED

Grievance and Appeal, Log No. 537019
Reasonable Accommodation Panel Response, dated March 26, 2024

### III. REASONING AND DECISION

The Reasonable Accommodation Panel Response, dated March 26, 2024, reflects appellant was informed that this request is beyond the scope of the reasonable accommodation panel as appellant must be evaluated by medical staff for any medical issue. As a result, this claim is denied.

### IV. REMEDY

Your claim has been denied. Therefore, there is no applicable remedy.

**Decision: Denied**

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is denied. This decision exhausts the administrative remedies available to the claimant within CDCR.

| Staff Signature | Title | Date/Time |
|---|---|---|
| J. Moeckly [MOJO037] | Reviewing Authority | 06/05/2024 |

STATE OF CALIFORNIA

**APPEAL OF GRIEVANCE**

CDCR 602-2 (Rev. 01/22)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| OCA RECEIVED | OGT Log No: | 000000537019 | Date Received: | |
| STAFF USE ONLY | Decision Due Date: | | | |
| APR 1 1 2024 | Categories: | | | |

**Claimant Name:** GLAZE, ISAIAH THOMAS

**CDCR #:** BN8709

**Institution/Parole Region:** C.R.C.

**Current Housing/Parole Unit:** 308/20L

**STAFF USE ONLY**

OCA Review

Imminent Risk: Y / N

Comment: _____

OOG Notification: Y / N

Comment: _____

Initials: ___  Date: 9/11

*Use this form to appeal a decision or a remedy by the Office of Grievances.*

Do not include new complaints on this form, they must first be filed with the Office of Grievances on a Form 602-1.

**OGT Log No:** 000000537019

**Claim No:** 001

Explain the reason for your appeal. Be as specific as you can.

*I am dissatisfied with the response I was given because* My Primary Care Provider (PCP) told me word by word that there is nothing else holding me back from being able to be put on vigorous duty for functional capacity in order to participate in FireCamp other than my eye. My doctor also added that he had no concerns about me going through the physical training (PFT's/FFT's) and the day to day activities that the firefighters do in FireCamp (Cont on Pg.2).

> **This form shall be submitted by mail to:**
> Office of Appeals
> Department of Corrections and Rehabilitation
> P.O. Box 942883
> Sacramento, CA 95811

**IMPORTANT:**

The Office of Appeals will consider all of the supporting documentation you previously submitted to the Office of Grievances when reviewing your appeal, but will <u>not</u> consider any new documentation. Therefore, it is recommended you not attach any documentation to this form.

**Furthermore, any documentation you attach to this form will not be returned to you.**

**Claimant Signature:** _[signature]_

**Date Signed:** 04/04/2024

*ADA Accessible*

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (Rev. 01/22)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

OCA RECEIVED
STAFF USE ONLY
APR 11 2024

| OGT Log No: | 000000537019 | Date Received: |
| Decision Due Date: | | |
| Categories: | | |

**Claimant Name:** GLAZE, ISAIAH THOMAS

**CDCR #:** BN8709

**Institution/Parole Region:** C.R.C.

**Current Housing/Parole Unit:** 308/20L

**STAFF USE ONLY**

Imminent Risk: Y/N
Comment:
OOG Notification: Y/N
Comment:
Initials: Date: 4/11

*Use this form to appeal a decision or a remedy by the Office of Grievances.*

Do not include new complaints on this form, they must first be filed with the Office of Grievances on a Form 602-1.

**OGT Log No:** 000000537019    **Claim No:** 001

Explain the reason for your appeal. Be as specific as you can.

*I am dissatisfied with the response I was given because* My Primary Care Provider (PCP) told me word by word that there is nothing else holding me back from being able to be put on vigorous duty for functional capacity in order to participate in firecamp other than my eye. My doctor also added that he had no concerns about me going through the typical training (PFT's/FFT's) and the day to day activities that the firefighters do in firecamp (cont. on pg.2).

> **This form shall be submitted by mail to:**
> Office of Appeals
> Department of Corrections and Rehabilitation
> P.O. Box 942883
> Sacramento, CA 95811

**IMPORTANT:**

The Office of Appeals will consider all of the supporting documentation you previously submitted to the Office of Grievances when reviewing your appeal, but will **not** consider any new documentation. Therefore, it is recommended you not attach any documentation to this form. Furthermore, any documentation you attach to this form will be returned to you.

**Claimant Signature:** [signature]    **Date Signed:** 04/04/2024

*ADA Accessible*

OOA RECEIVED

APR 11 2024

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (Rev. 01/22)

**CONTINUATION PAGE**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

OGT Log No: 000000537019          Claim No: 001

Explain the reason for your appeal. Be as specific as you can.

*I am dissatisfied with the response I was given because* I Shouldn't be denied the Pilot firecamp Program in Jamestown or the added benefits that Comes with it (Closer to home: Able to get visits: Time off my Sentence: ETC.) When I meet all the requirements to be in firecamp and if I Can't be in the Pilot Program as a firefighter I Should be able to be accommodated with my disability in order to Still go to the Program and get the benefits that comes with (Whether it's as a mentor, cook, Porter, etc.) due to the disability act.

*ADA Accessible*

Delok

04/04/2024

OOA RECEIVED

APR 11 2024

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (Rev. 01/22)

**CONTINUATION PAGE**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

**OGT Log No:** 000000537019          **Claim No:** 001

Explain the reason for your appeal. Be as specific as you can.

*I am dissatisfied with the response I was given because* I Shouldn't be denied the Pilot firecamp Program in Jamestown or the added benefits that Comes with it (Closer to home; Able to get visits; Time off my Sentence; Etc.) When I meet all the requirements to be in firecamp and if I Can't be in the Pilot Program as a firefighter, I Should be able to be accommodated with my disability in order to Still go to the Program and get the benefits that Comes with (Whether it's as a mentor, cook, Porter, etc.) due to the disability act.

*ADA Accessible*

04/04/2024



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** GLAZE, ISAIAH THOMAS
**CDC#:** BN8709
**Current Location:** CRC-Facility C

**Date:** 07/24/2024

**Current Area/Bed:** C  308 1 - 000020L

**Log #:** 000000587544

## Claim #: 001

**Received at Institution/Parole Region:** California Rehabilitation Center
**Submitted to Facility/Parole District:** CRC-Facility C
**Housing Area/Parole Unit:**
**Group:** RAP Response Required          **Category:** Access to Services          **Sub-Category:** Other

### I. CLAIM

"S" is requesting a DPP code due to inability to see out of one eye.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

H. Lopez, AW; H. Farris, PSY; M. Kost, SSA; S. Vaughan CME (A); R. Martin, SSA; J. Robles, CCII; C. Lee, OT; O. Capacete, CCII.

#### B. DOCUMENTS CONSIDERED

1824
IAP
DVP
RAP

### III. REASONING AND DECISION

The Reasonable Accommodation Panel (RAP) is a request process to determine any disability access or discrimination issues. RAP has taken your request into consideration. You were evaluated by your Primary Care Provider (PCP) on July 15, 2024, about your concerns. At the conclusion of your evaluation your PCP determined there was no need to accommodate you with a DPP disability for you to successfully program at CRC. Therefore, your reasonable accommodation is not warranted.

You may use the CDCR 1824 Reasonable Accommodation Request if you have a physical or mental disability, or if you believe you have a physical or mental disability; or to request a specific reasonable accommodation, which if approved, will enable you to access and/or participate in program, service, or activity; or to submit an allegation of disability-based discrimination. Submit your completed CDCR 1824 by using the CDCR 602 Inmate Appeal drop box.

Should you need to be seen by Health Care staff to resolve a health care issue (medical/dental/mental health), you may use a CDC 7362 Health Care Services Request Form addressing the reason you require evaluation and submit your completed CDC 7362 by using the Health Care Services drop box located in the Facility.

Should you need assistance in completing any of the above forms please contact your housing unit staff or your assigned Correctional Counselor. Additionally, you can ask any of the ADA workers, identified in the yellow tee shirts for assistance.



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** GLAZE, ISAIAH THOMAS
**CDC#:** BN8709
**Current Location:** CRC-Facility C

**Date:** 07/24/2024

**Current Area/Bed:** C 308 1 - 000020L

**Log #:** 000000587544

## Claim #: 001

**Received at Institution/Parole Region:** California Rehabilitation Center
**Submitted to Facility/Parole District:** CRC-Facility C
**Housing Area/Parole Unit:**
**Group:** RAP Response Required    **Category:** Access to Services    **Sub-Category:** Other

### I. CLAIM

"S" is requesting a DPP code due to inability to see out of one eye.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

H. Lopez, AW; H. Farris, PSY; M. Kost, SSA; S. Vaughan CME (A); R. Martin, SSA; J. Robles, CCII; C. Lee, OT; O. Capacete, CCII.

#### B. DOCUMENTS CONSIDERED

1824
IAP
DVP
RAP

### III. REASONING AND DECISION

The Reasonable Accommodation Panel (RAP) is a request process to determine any disability access or discrimination issues. RAP has taken your request into consideration. You were evaluated by your Primary Care Provider (PCP) on July 15, 2024, about your concerns. At the conclusion of your evaluation your PCP determined there was no need to accommodate you with a DPP disability for you to successfully program at CRC. Therefore, your reasonable accommodation is not warranted.

You may use the CDCR 1824 Reasonable Accommodation Request if you have a physical or mental disability, or if you believe you have a physical or mental disability; or to request a specific reasonable accommodation, which if approved, will enable you to access and/or participate in program, service, or activity; or to submit an allegation of disability-based discrimination. Submit your completed CDCR 1824 by using the CDCR 602 Inmate Appeal drop box.

Should you need to be seen by Health Care staff to resolve a health care issue (medical/dental/mental health), you may use a CDC 7362 Health Care Services Request Form addressing the reason you require evaluation and submit your completed CDC 7362 by using the Health Care Services drop box located in the Facility.

Should you need assistance in completing any of the above forms please contact your housing unit staff or your assigned Correctional Counselor. Additionally, you can ask any of the ADA workers, identified in the yellow tee shirts for assistance.

**IV. Comments**

To grieve Health Care determinations made during RAP, submit a CDCR 602 HC Health Care Grievance, and/or to appeal other aspects of the RAP's decision, file a CDCR 602 Inmate/Parolee Appeal.  Be sure to attach a copy of this response along with your CDCR 1824 as supporting documents.

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| H. Lopez [LOHE005] | Reviewing Authority | 07/23/2024 |

## IV. Comments

To grieve Health Care determinations made during RAP, submit a CDCR 602 HC Health Care Grievance, and/or to appeal other aspects of the RAP's decision, file a CDCR 602 Inmate/Parolee Appeal.  Be sure to attach a copy of this response along with your CDCR 1824 as supporting documents.

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| H. Lopez [LOHE005] | Reviewing Authority | 07/23/2024 |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**REASONABLE ACCOMMODATION REQUEST**
CDCR 1824 (Rev. 09/17)

Page 1 of 1

| INSTITUTION (Staff use only) | LOG NUMBER (Staff Use Only) | DATE RECEIVED BY STAFF: |
|---|---|---|
| CRC | 587544 | JUL 0 5 2024 |
| | | CRC OFFICE OF GRIEVANCES |

**\*\*\*\*\*\*\*\*\*\*\*TALK TO STAFF IF YOU HAVE AN EMERGENCY\*\*\*\*\*\*\*\*\*\*\***

**DO NOT** use a CDCR 1824 to request health care or to appeal a health care decision. This may delay your access to health care. Instead, submit a CDC 7362 or a CDCR 602-HC

| INMATE'S NAME (Print) | CDCR NUMBER | ASSIGNMENT | HOUSING |
|---|---|---|---|
| Isaiah Glaze | BN8709 | | 308/20L |

INSTRUCTIONS:
- You may use this form if you have a physical or mental disability or if you believe you have a physical or mental disability.
- You may use this form to request a specific reasonable accommodation which, if approved, will enable you to access and/or participate in a program, service or activity. You may also use this form to submit an allegation of disability-based discrimination.
- Submit this form to the Custody Appeals Office.
- The 1824 process is intended for an individual's accommodation request. Each individual's request requires a case-by-case review.
- The CDCR 1824 is a request process, not an appeal process. All CDCR 1824 requests will receive a response.
- If you have received an 1824 decision that you disagree with, you may submit an appeal (CDCR 602, or CDCR 602-HC if you are disagreeing with a medical diagnosis/treatment decision).

**WHAT CAN'T YOU DO / WHAT IS THE PROBLEM?**

I am requesting to have my disability (can't see out of one eye) be evaluated and identified on an 1845 Chrono.

**WHY CAN'T YOU DO IT?**

I am not identified as having a disability by CDCR and want to be evaluated for a DPP Code.

**WHAT DO YOU NEED?**

I am asking to have my disability (can't see out of one of my eyes) be evaluated by my doctor and identified on an 1845 Chrono for a DPP Code.

*(Use the back of this form if more space is needed)*

**DO YOU HAVE DOCUMENTS THAT DESCRIBE YOUR DISABILITY?**   Yes ☐   No ☒   Not Sure ☐

List and attach documents, if available:

I understand that staff have a right to interview or examine me, and my failure to cooperate may cause this request to be disapproved.

| _(signature)_ | 06/27/2024 |
|---|---|
| **INMATE'S SIGNATURE** | **DATE SIGNED** |

Assistance in completing this form was provided by:

| Last Name | First Name | Signature |
|---|---|---|

STATE OF CALIFORNIA                                                        DEPARTMENT OF CORRECTIONS AND REHABILITATION
**REASONABLE ACCOMMODATION REQUEST**
CDCR 1824 (Rev. 09/17)

Page 1 of 1

| INSTITUTION (Staff use only) | LOG NUMBER (Staff Use Only) | DATE RECEIVED BY STAFF: |
|---|---|---|
| CRC | 587544 | JUL 0 5 2024 |

| | | CRC OFFICE OF GRIEVANCES |

****TALK TO STAFF IF YOU HAVE AN EMERGENCY****

**DO NOT** use a CDCR 1824 to request health care or to appeal a health care decision. This may delay your access to health care. Instead, submit a CDC 7362 or a CDCR 602-HC

| INMATE'S NAME (Print) | CDCR NUMBER | ASSIGNMENT | HOUSING |
|---|---|---|---|
| Isaiah Glaze | BN8709 | | 308/20L |

INSTRUCTIONS:
- You may use this form if you have a physical or mental disability or if you believe you have a physical or mental disability.
- You may use this form to request a specific reasonable accommodation which, if approved, will enable you to access and/or participate in a program, service or activity. You may also use this form to submit an allegation of disability-based discrimination.
- Submit this form to the Custody Appeals Office.
- The 1824 process is intended for an individual's accommodation request. Each individual's request requires a case-by-case review.
- The CDCR 1824 is a request process, not an appeal process. All CDCR 1824 requests will receive a response.
- If you have received an 1824 decision that you disagree with, you may submit an appeal (CDCR 602, or CDCR 602-HC if you are disagreeing with a medical diagnosis/treatment decision).

**WHAT CAN'T YOU DO / WHAT IS THE PROBLEM?**

I am requesting to have my disability (Can't see out of one eye) be evaluated and identified on an 1845 Chrono.

**WHY CAN'T YOU DO IT?**

I am not identified as having a disability by CDCR and want to be evaluated for a DPP Code.

**WHAT DO YOU NEED?**

I am asking to have my disability (Can't see out of one of my eyes) be evaluated by my doctor and identified on an 1845 Chrono for a DPP Code.

*(Use the back of this form if more space is needed)*

**DO YOU HAVE DOCUMENTS THAT DESCRIBE YOUR DISABILITY?**    Yes ☐    No ☑    Not Sure ☐

List and attach documents, if available:

I understand that staff have a right to interview or examine me, and my failure to cooperate may cause this request to be disapproved.

| _(signature)_ | 06/27/2024 |
|---|---|
| **INMATE'S SIGNATURE** | **DATE SIGNED** |

Assistance in completing this form was provided by:

| Last Name | First Name | Signature |
|---|---|---|

**REASONABLE ACCOMMODATION PANEL (RAP) RESPONSE**

**RAP Meeting Date: 7/9/2024  Date IAC Received 1824: 7/5/2024 1824 Log Number:  587544**

**Inmate's Name: GLAZE, I              CDCR #: BN8709              Housing: 308-20L**

**RAP Staff Present:**  H. Lopez, AW; H. Farris, PSY; M. Kost, SSA; S. Vaughan CME (A); R. Martin, SSA; J. Robles, CCII; C. Lee, OT; O. Capacete, CCII.

**Summary of Inmate's 1824 Request:**  "S" is requesting a DPP code due to inability to see out of one eye.

## Interim Accommodation:

☒ No interim required:

☐ Interim Accommodation provided:

☐ RAP rescinding interim accommodation:

## RAP RESPONSE:

## RAP can render a final decision on the following:

**Response:** The Reasonable Accommodation Panel (RAP) is a request process to determine any disability access or discrimination issues. RAP has taken your request into consideration. You were evaluated by your Primary Care Provider (PCP) on July 15, 2024, about your concerns. At the conclusion of your evaluation your PCP determined there was no need to accommodate you with a DPP disability for you to successfully program at CRC. Therefore, your reasonable accommodation is not warranted.

You may use the CDCR 1824 Reasonable Accommodation Request if you have a physical or mental disability, or if you believe you have a physical or mental disability; or to request a specific reasonable accommodation, which if approved, will enable you to access and/or participate in program, service, or activity; or to submit an allegation of disability-based discrimination.  Submit your completed CDCR 1824 by using the CDCR 602 Inmate Appeal drop box.

Should you need to be seen by Health Care staff to resolve a health care issue (medical/dental/mental health), you may use a CDC 7362 Health Care Services Request Form addressing the reason you require evaluation and submit your completed CDC 7362 by using the Health Care Services drop box located in the Facility.

Should you need assistance in completing any of the above forms please contact your housing unit staff or your assigned Correctional Counselor. Additionally, you can ask any of the ADA workers, identified in the yellow tee shirts for assistance.

**Direction if dissatisfied:**  To grieve Health Care determinations made during RAP, submit a **CDCR 602 HC Health Care Grievance**, and/or to appeal other aspects of the RAP's decision, file a CDCR 602 Inmate/Parolee Appeal.  Be sure to attach a copy of this response along with your CDCR 1824 as supporting documents.

H. Lopez AW                          Signature                    **Date sent to inmate:**  7-22-24
**ADA Coordinator/Designee**

**REASONABLE ACCOMMODATION PANEL (RAP) RESPONSE**

**RAP Meeting Date: 7/9/2024  Date IAC Received 1824: 7/5/2024 1824 Log Number: 587544**

**Inmate's Name: GLAZE, I            CDCR #: BN8709            Housing: 308-20L**

**RAP Staff Present:** H. Lopez, AW; H. Farris, PSY; M. Kost, SSA; S. Vaughan CME (A); R. Martin, SSA; J. Robles, CCII; C. Lee, OT; O. Capacete, CCII.

**Summary of Inmate's 1824 Request:** "S" is requesting a DPP code due to inability to see out of one eye.

## Interim Accommodation:

☒ No interim required:

☐ Interim Accommodation provided:

☐ RAP rescinding interim accommodation:

## RAP RESPONSE:

### RAP can render a final decision on the following:

**Response:** The Reasonable Accommodation Panel (RAP) is a request process to determine any disability access or discrimination issues. RAP has taken your request into consideration. You were evaluated by your Primary Care Provider (PCP) on July 15, 2024, about your concerns. At the conclusion of your evaluation your PCP determined there was no need to accommodate you with a DPP disability for you to successfully program at CRC. Therefore, your reasonable accommodation is not warranted.

You may use the CDCR 1824 Reasonable Accommodation Request if you have a physical or mental disability, or if you believe you have a physical or mental disability; or to request a specific reasonable accommodation, which if approved, will enable you to access and/or participate in program, service, or activity; or to submit an allegation of disability-based discrimination. Submit your completed CDCR 1824 by using the CDCR 602 Inmate Appeal drop box.

Should you need to be seen by Health Care staff to resolve a health care issue (medical/dental/mental health), you may use a CDC 7362 Health Care Services Request Form addressing the reason you require evaluation and submit your completed CDC 7362 by using the Health Care Services drop box located in the Facility.

Should you need assistance in completing any of the above forms please contact your housing unit staff or your assigned Correctional Counselor. Additionally, you can ask any of the ADA workers, identified in the yellow tee shirts for assistance.

**Direction if dissatisfied:** To grieve Health Care determinations made during RAP, submit a **CDCR 602 HC Health Care Grievance**, and/or to appeal other aspects of the RAP's decision, file a CDCR 602 Inmate/Parolee Appeal. Be sure to attach a copy of this response along with your CDCR 1824 as supporting documents.

H. Lopez AW                 Signature                 **Date sent to inmate:** 7-22-21
**ADA Coordinator/Designee**

Name: GLAZE, ISAIAH T.                                        CDC #: BN8709  PID #: 12237566

MSSS015B       **Medical Classification Chrono**    Monday August 05, 2024 09:34:11 AM

| | |
|---|---|
| Prepared Date: 05/16/2024 | Duration: Permanent |
| | Expires On: |
| Institution Name: California Rehabilitation Center | |
| Provider Name: Not Available | Provider Title: NA |

## Medical Health Factors

Level of Care: OP
Proximity to Consult: No Particular Need
Functional Capacity: Full Duty
Medical Risk: Low Risk
Nursing Care Acuity: Basic Nursing

## Classification Factors

☐ Temporary Medical Hold            ☐ Long Term Stay
☐ Temporary Medical Isolation       ☐ Override

## Specialized Services

☐ Clinical Category 1               ☐ Therapeutic Diet
☐ Clinical Category 2               ☐ Respiratory Isolation
☐ Pregnancy Program                 ☐ Speech/Occupational Therapy
☐ Transplant Center                 ☐ Physical Therapy
☐ Hemodialysis                      ☐ Durable Medical Equipment
☐ Dementia
ASAM Identifier: T2 - CBI Outpatient    MAT Identifier:  Not Applicable

## Institutional-Environmental

☐ Restricted - Altitude             ☐ Requires Electrical Access
☐ Restricted - Cocci Area 1         ☐ Requires Adaptive Equipment
☑ Restricted - Cocci Area 2         ☐ Restricted - No Stairs
☐ Requires Medical Transport        ☑ See CDCR 1845 and 7410

## Comments (Non-Confidential)

see 7410 discontinue temporary medical hold and COVID surveillance Created by system to synchronize the cocci area restrictions, and/or risk classification, and/or ASAM/MAT between QM registry and eMCC Created by system to synchronize the cocci area restrictions, and/or risk classification, and/or ASAM/MAT between QM registry and eMCC Created by system to synchronize the cocci area restrictions, and/or risk classification, and/or ASAM/MAT, and/or electrical access between QM registry and eMCC Created by system to synchronize the cocci area restrictions, and/or risk classification, and/or ASAM/MAT, and/or electrical access between QM registry and eMCC Created by system to synchronize the cocci area restrictions, and/or risk classification, and/or ASAM/MAT, and/or electrical access between QM registry and eMCC Created by system to synchronize the cocci area restrictions, and/or risk classification, and/or ASAM/MAT, and/or electrical access between QM registry and eMCC

Prior Page

Name: GLAZE, ISAIAH T.                                    CDC #: BN8709  PID #: 12237566
MSSS015B      **Medical Classification Chrono**    Monday August 05, 2024 09:34:11 AM

| Prepared Date: 05/16/2024 | Duration: Permanent |
| | Expires On: |
| Institution Name: California Rehabilitation Center | |
| Provider Name: Not Available | Provider Title: NA |

---

**Medical Health Factors**

Level of Care: OP
Proximity to Consult: No Particular Need
Functional Capacity: Full Duty
Medical Risk: Low Risk
Nursing Care Acuity: Basic Nursing

---

**Classification Factors**

☐ Temporary Medical Hold                    ☐ Long Term Stay
☐ Temporary Medical Isolation               ☐ Override

---

**Specialized Services**

☐ Clinical Category 1                       ☐ Therapeutic Diet
☐ Clinical Category 2                       ☐ Respiratory Isolation
☐ Pregnancy Program                         ☐ Speech/Occupational Therapy
☐ Transplant Center                         ☐ Physical Therapy
☐ Hemodialysis                              ☐ Durable Medical Equipment
☐ Dementia
ASAM Identifier: T2 - CBI Outpatient        MAT Identifier:  Not Applicable

---

**Institutional-Environmental**

☐ Restricted - Altitude                     ☐ Requires Electrical Access
☐ Restricted - Cocci Area 1                 ☐ Requires Adaptive Equipment
☑ Restricted - Cocci Area 2                 ☐ Restricted - No Stairs
☐ Requires Medical Transport                ☑ See CDCR 1845 and 7410

---

**Comments (Non-Confidential)**

see 7410 discontinue temporary medical hold and COVID surveillance Created by system to synchronize the cocci area restrictions, and/or risk classification, and/or ASAM/MAT between QM registry and eMCC Created by system to synchronize the cocci area restrictions, and/or risk classification, and/or ASAM/MAT between QM registry and eMCC Created by system to synchronize the cocci area restrictions, and/or risk classification, and/or ASAM/MAT, and/or electrical access between QM registry and eMCC Created by system to synchronize the cocci area restrictions, and/or risk classification, and/or ASAM/MAT, and/or electrical access between QM registry and eMCC Created by system to synchronize the cocci area restrictions, and/or risk classification, and/or ASAM/MAT, and/or electrical access between QM registry and eMCC Created by system to synchronize the cocci area restrictions, and/or risk classification, and/or ASAM/MAT, and/or electrical access between QM registry and eMCC

Prior Page

THOMAS GLAZE
40 Park City court # 11/04
Sacramento, CA 95831

United States District Court
Central District of California
255 East Temple Street
Los Angeles, California 90012

RECEIVED
CLERK, U.S. DISTRICT COURT
AUG 26 2024
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY



CERTIFIED MAIL

9589 0710 5270 1409 3435 97

RDC 99

Retail

90012

U.S. POSTAGE P...
FCM LG ENV
WEST SACRAMEN...
CA 95799
AUG 23, 2024
$13.56
S2324H505356-0...

CSO ROYBAL

X-RAYED